UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZABE JENKINS, | ) | CASE NO. 1:21-CV-01255-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| KURT DAHLBY, *et al.*, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Defendants. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On June 28, 2021, Plaintiff Zabe Jenkins ("Plaintiff") filed a prisoner civil rights Complaint under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI"), Warden Tim McConahay ("McConahay"), MANCI Institutional Inspector Lisa Booth ("Booth"), MANCI Captain Kurt Dahlby ("Dahlby"), and the Ohio Department of Rehabilitation and Corrections ("ODRC") (collectively, "Defendants"). (ECF No. 1, Compl.). In his Complaint, Plaintiff asserts violations of his Eighth, Fourth and First Amendment rights, state tort law claims of physical and emotional distress and that Defendants failed to investigate his appeals/grievances of an alleged assault. *Id*.

On November 17, 2021, Defendants moved to dismiss the Complaint for failure to state a claim. (ECF No. 6). On March 10, 2022, Plaintiff filed an Opposition to Defendants' Motion (ECF No. 11) and Defendants filed a Reply in support of the Motion (ECF No. 13) on March 17, 2022. On October 12, 2022, Magistrate Judge Jennifer Dowdell Armstrong ("Judge Armstrong")

1

submitted a Report and Recommendation ("R&R") recommending that Defendants' motion be GRANTED in part and DENIED in part. (ECF No. 15, R&R at PageID #142-3).

Judge Armstrong specifically recommended dismissal of the following claims: (1) infringement of the free exercise clause of the First Amendment as to Dahlby, Booth, and McConahay; (2) deliberate indifference to serious medical needs in violation of the Eighth Amendment with respect to treatment of chest pain and shortness of breath as to Dahlby, Booth, and McConahay; (3) deliberate indifference to serious medical needs in violation of the Eighth Amendment with respect to injuries from pepper spray and alleged assault as to Dahlby, Booth, and McConahay; (4) excessive use of force in violation of the Eighth Amendment as to Booth and McConahay in their individual capacities; (5) state tort law claims of infliction of physical and emotional distress as to Dahlby, Booth, and McConahay; and (6) failure to investigate a claim of alleged assault under 42 U.S.C. § 1983 as to Booth and Dahlby. Additionally, pursuant to the Eleventh Amendment, Judge Armstrong recommended dismissal of any claims for monetary damages brought against ODRC and Defendants in their official capacities. (*Id*. at PageID #120-43).

Last, Judge Armstrong recommended that the following claims survive Defendants' Motion: (1) excessive use of force in violation of the Eighth Amendment as to Dahlby in his individual capacity and (2) claims for prospective declaratory and injunctive relief against Defendants in their official capacities. *Id*.

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a R&R within fourteen (14) days after service. The R&R gave the parties notice of the 14-day time limit for filing any objections. (ECF No. 15, R&R at PageID #143-4). Moreover, on both October 26, 2022, and November 30, 2022, the Court granted an extension of the objection deadline. The Court

ultimately extended the deadline until December 17, 2022. No objection has been filed by either party.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42, 49-50 (1985).

Accordingly, the Court **ADOPTS** Magistrate Judge Armstrong's Report and Recommendation (ECF No. 15), incorporates it fully herein by reference, and **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss (ECF No. 6).

**IT IS HEREBY ORDERED**

1. Plaintiff's claim for infringement of the free exercise clause of the First Amendment as to Dahlby, Booth, and McConahay is **DISMISSED** with prejudice.

2. Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment with respect to treatment of chest pain and shortness of breath as to Dahlby, Booth, and McConahay is **DISMISSED** with prejudice.

3. Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment with respect to injuries from pepper spray and alleged assault as to Dahlby, Booth, and McConahay is **DISMISSED** with prejudice.

4. Plaintiff's claim for excessive use of force in violation of the Eighth Amendment as to Booth and McConahay in their individual capacities is **DISMISSED** with prejudice.

5. Plaintiff's state tort law claims of infliction of physical and emotional distress as to Dahlby, Booth, and McConahay are **DISMISSED** with prejudice.

6. Plaintiff's claim for failure to investigate a claim of alleged assault under 42 U.S.C. § 1983 as to Booth and Dahlby is **DISMISSED** with prejudice.

7. Any claims for monetary damages brought against ODRC and Defendants in their official capacities are **DISMISSED** with prejudice.

8. Defendants' motion to dismiss Plaintiff's claim for excessive use of force in violation of the Eighth Amendment as to Dahlby in his individual capacity is **DENIED**.

9. Defendants' motion to dismiss Plaintiff's claims for prospective declaratory and injunctive relief against Defendants in their official capacities is **DENIED**.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 10, 2023

*Charles Fleming*
_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**