# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ZABE JENKINS, | ) | CASE NO. 1:21-CV-01255-CEF |
| Plaintiff, | ) | |
| | ) | U.S. DISTRICT JUDGE |
| | ) | CHARLES E. FLEMING |
| v. | ) | |
| | ) | U.S. MAGISTRATE JUDGE |
| KURT DAHLBY, *et al.*, | ) | JENNIFER DOWDELL ARMSTRONG |
| Defendants, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I.  INTRODUCTION**

On August 1, 2024, *pro se* Plaintiff Zabe Jenkins ("Plaintiff") filed a motion for a temporary restraining order.[1] ("Motion," ECF No. 22.) Plaintiff is incarcerated and seeks an order from this Court that he not be transferred from the Franklin Medical Center ("FMC") to the Mansfield Correctional Institution ("ManCI"). (ECF No. 22, PageID#168.) He also seeks an order that Defendants not withhold his property, including his legal property. (*Id.*) Plaintiff's Motion was referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, I RECOMMEND that the Court DENY Plaintiff's Motion.

**II.  RELEVANT FACTUAL BACKGROUND**

Plaintiff is an inmate at ManCI. (ECF No. 23-1.) Plaintiff asserts that he was transferred from ManCI to FMC on July 25, 2024. (ECF No. 22, PageID#169.) He alleges that he was transferred to FMC for medical issues related to his legs and back, as well as his hunger strike. (*Id.*) He further alleges that he has received assistance from the FMC staff to litigate this case. (*Id.*)

---

[1] Plaintiff moved the Court for an order issuing "emergency temporary injunctions." (ECF No. 22, PageID#168.) Given Plaintiff's *pro se* status and the nature of his arguments, his motion is construed liberally as a request for a temporary restraining order.

1

He claims that he does not have access to his legal documents or his previous grievances for this case. (*Id.*)

Defendant's counsel points out, however, that he mailed Plaintiff's grievances and all the initial discovery disclosures, numerous court filings, and writing material to Plaintiff on July 17, 2024. (ECF No. 23-3.) And Plaintiff acknowledged receipt of that correspondence on July 23, 2024, as evidenced by his signature on the legal mail log. (ECF No. 23-2, PageID#182.) Moreover, Ms. Kasey Plank, the Warden's Assistant for ManCI, alleges in a declaration that Plaintiff is permitted to access to his legal materials, even in FMC, but has never requested it. (ECF No. 23-2, ¶¶6-7.) She further states that ManCI has a law library. (*Id.* ¶7.)

Ms. Plank also states that Plaintiff was transferred from Richland Correctional Institution to ManCI because he was undergoing a hunger strike and has "chosen to continue that hunger strike the entire time he has been at ManCI." (*Id.*; *see* ECF No. 23-1, ¶4.) As a result, Plaintiff was temporarily transferred to FMC "because he required forced care; the insertion of a feeding tube." (*Id.*) And Ms. Plank maintains that Plaintiff "would be released to the general inmate population if he chose to end his hunger strike." (*Id.* ¶4.)

Ms. Jody Sparks, Deputy Warden of Operations for FMC, states in her declaration that "the purpose of FMC is to securely house inmates who require inpatient medical care," and that "there are a limited number of hospital beds at FMC." (ECF No. 23-1, ¶4.) Ms. Sparks further stated that Plaintiff was "transferred back to ManCi because he had no long-term medical issues that would necessitate a continued stay at FMC." (*Id.* ¶4.)

2

### III. LAW AND ANALYSIS

The purpose of a temporary or preliminary injunction "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits."[2] *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998) (citing *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). Plaintiff bears the burden to establish by clear and convincing evidence that he is entitled to this extraordinary remedy. *Invacare Corp. v. Nordquist*, No. 1:18-CV-62, 2018 WL 2454523, at *3 (N.D. Ohio June 1, 2018); *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331, 1998, WL 152951, at *3 (6th Cir. 1998).

When considering a motion for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a court must consider the following four factors: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a temporary restraining order ("TRO") would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *El Bey v. Davis*, No. 3:23-cv-2191, 2024 WL 404489, at *1 (N.D. Ohio Feb. 2, 2024). These four factors are not prerequisites to be met, but factors to be balanced against each other. *Mich. Bell. Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative). Based on my evaluation of the four TRO factors here, I find that Plaintiff is not entitled to temporary injunctive relief.

---

[2] "The same standard generally applies to temporary restraining orders and preliminary injunctions." *Perry v. May*, No. 3:22 CV 688, 2023 WL 406054, at *4 (N.D. Ohio Jan. 25, 2023) (citations omitted)).

A. **Likelihood of Success on the Merits**

Plaintiff has not established by clear and convincing evidence that he has a likelihood of success on the merits. Indeed, he advances *no* argument explaining why he is entitled to relief under any of the four TRO factors. (*See generally* ECF No. 22.)[3] At this stage of the proceeding, Plaintiff—not Defendants—bears the heavy burden of demonstrating that he is likely to succeed on the merits, *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002), which is "more than a mere possibility of success." *Certified Restoration Dry Cleaning, LLC v. Tenke Corp.*, 511 F.3d 535, 543 (6th Cir. 2007). Although no single factor is determinative, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiff here fails to meet his heavy burden of establishing a likelihood of success on the merits of his claim. And even if he had attempted to do so, his claim would still fail because "[a]n inmate has no constitutionally protected right to a transfer or to be assigned to a particular prison." *Jeter v. Ohio Dep't of Rehab. and Corr.*, No. 1:17-CV-756, 2018 WL 7107502, at *1 (N.D. Ohio July 2, 2018). Courts are reluctant to become involved in determinations made by prison officials as to the transfer and placement of prisoners. *See Christian v. Mich. Dept. of Corr. Health Servs.*, No. 12-12936, 2013 WL 607783, at *3, n.3 (E.D. Mich. Jan. 28, 2013), *report and recommendation adopted*, 2013 WL 607779 (E.D. Mich. Feb. 19, 2013). Accordingly, the first TRO factor weighs in favor of Defendants.

---

[3] While pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and "must be construed liberally," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), claims asserted in *pro se* complaints still must have an arguable basis in law or fact to warrant relief. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

4

### B. **Irreparable Harm**

The second TRO factor is whether the moving party would suffer irreparable injury absent an injunction. Mere injuries, however substantial, are not enough. *Michigan Coal. of Radioactive Material Users, Inc.*, 945 F.2d 150, 154 (6th Cir. 1991). Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.; see also NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling USA, Inc.*, 246 F. App'x 929, 943 (6th Cir. 2007); *Kendrick v. Erdos*, No. 1:21-cv-266, 2023 WL 2435112, at *5 (S.D. Ohio Feb. 10, 2023) ("speculative injury does not constitute irreparably injury sufficient to warrant granting a preliminary injunction"), *report and recommendation adopted*, 2023 WL 2432258 (S.D. Ohio Mar. 9, 2023) (quoting *Jackson v. Coyne*, No. 3:17-CV-P174-TBR, 2017 WL 3528605, at *2 (W.D. Ky. Aug. 16, 2017)).  Harm is irreparable if it cannot be fully compensated by monetary damages. *Overstreet*, 305 F.3d at 578.

Plaintiff here fails to establish irreparable injury because he has not shown that future harm will occur if he returns to ManCI. *See Gaybor v. Pugh*, No. 4:14-CV-00318,  2014 WL 4184372, at *10 (N.D. Ohio Aug. 21, 2014) ("The purpose of a preliminary injunction is to prevent future harm and Plaintiff cannot show at this time that future harm will occur if he does not remain in a medical facility beyond the next six months already approved for him by medical staff at FMC Lexington."). And despite Plaintiff's vague assertions to the contrary, Plaintiff has access to his legal materials at both ManCI and FMC, and both institutions have law libraries. (ECF No. 23-2, ¶7.)

Plaintiff here has alleged only a speculative injury, not a concrete injury. Thus, this factor weighs heavily against granting injunctive relief. *Christian*, No. 12-12936, 2013 WL 607783, at *2 (E.D. Mich. Jan. 28, 2013) (stating that while the factors are to be balanced, "the hallmark of

5

injunctive relief is a likelihood of irreparable harm") (citation omitted); *see also Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a sine qua non for issuance of an injunction.").

### C. Substantial Harm to Others

The third TRO factor is whether the issuance of an injunction would cause substantial harm to others. Stated differently, "[t]he irreparable injury [the plaintiff] will suffer if [its] motion for injunctive relief is denied must be balanced against any harm which will be suffered by [others] as a result of the granting of injunctive relief." *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982). Here, as Defendants point out, allowing Plaintiff to remain at FMC on an elective basis would cause substantial harm to others because it "limits the resources available for Ohio prisoners with serious inpatient needs." (ECF No. 23, PageID#175); *Gaybor*, 2014 WL 4184372, at *10 ("[I]ssuance of the preliminary injunction would cause substantial harm to others because it may impact the prison medical facility's ability to treat those requiring immediate medical treatment if Plaintiff is allowed to remain in a medical facility and take a medical placement that another inmate may need."). Accordingly, Plaintiff fails to establish the third TRO factor by clear and convincing evidence.

### D. Public Interest

The final TRO factor also weighs against granting injunctive relief here. Generally, it is in the public interest "if courts refrain from becoming involved in day-to-day prison operations." *Jackson*, 2017 WL 3528605, at *2-3; *see, e.g.*, *Cage v. Harry*, No. 1:09-cv-512, 2010 WL 4683967, at *1 (W.D. Mich. Sept. 30, 2010), *report and recommendation adopted sub nom. Cage v. Corr. Med. Servs., Inc.*, 2010 WL 4684000 (W.D. Mich. Nov. 10, 2010) ("The public interest would not be served by issuing a preliminary injunction or TRO, and the issuance of either form

of relief would constitute unwarranted federal court interference with the State's operation of its prisons."). Moreover, "the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest." *Jackson*, 2017 WL 3528605, at *2-3 (citing *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 WL 4962933, at *7, (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.")). Accordingly, this fourth factor also weighs in Defendants' favor.

### IV. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DENY Plaintiff's Motion for Emergency Temporary Injunctions (ECF No. 22).

Dated: August 15, 2024

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

### V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or

7

> modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).